**ROCCO WINE DISTRIBUTORS, INC., Plaintiff,**

v.

**PLEASANT VALLEY WINE CO., Defendant.**

**No. C 81–2142.**

United States District Court, N.D. Ohio, E.D.

Aug. 31, 1984.

Peter J. Krembs, Gruber, Moriarty, Fricke & Jaros, Cleveland, Ohio, for plaintiff Rocco Wine Distributors, Inc.

Louis A. Colombo, Marc D. Flink, Baker & Hostetler, Cleveland, Ohio, for defendant Pleasant Valley Wine Company.

LAMBROS, District Judge.

This is a diversity action alleging injury to plaintiff due to defendant's violation of various sections of the Ohio Alcoholic Beverages Franchise Act (the Act), Ohio Revised Code §§ 1333.82 thru 1333.87, breach of an oral contract and intentional interference with business relations. Presently before the Court is defendant's motion to dismiss or for summary judgment. As defendant's motion presents matters outside the pleadings, it shall be considered as one for summary judgment. Fed.R.Civ.P. 12(b).

The undisputed facts of this case are that plaintiff Rocco Wine Distributors, Inc. (Rocco) is, and at all times was, an Ohio corporation in the business of selling and distributing alcoholic beverages. Defendant Pleasant Valley Wine Co. (Pleasant Valley) is a wine manufacturer incorporated under the laws of the State of New York.

Rocco is the successor corporation to King Distributing Company (King), which succeeded Ascot Distributing Company. Rocco's president and sole owner was a principal in both predecessors.

On March 1, 1977 King entered into a written franchise agreement (agreement) with Pleasant Valley in which the supply and distribution of "Great Western" wines was arranged. The agreement required King to furnish Pleasant Valley with monthly sales records; stated that it would expire on February 28, 1978; and provided that the agreement and its provisions could not be changed or waived except in writing.

Rocco succeeded King and continued to perform under the agreement. The agreement expired on February 28, 1978. Both parties, however, continued to perform as they had when the written agreement was in effect.

On May 1, 1978, Pleasant Valley's national sales manager wrote to Rocco and gave notice that Rocco's distributorship agreement with Pleasant Valley would be terminated as of July 31, 1978 due to Rocco's declining sales of Great Western wines in 1977 and 1978. Thereafter numerous telephonic and written discussions were held and a trial agreement was worked out. The parties continued to perform until November 13, 1978 when Pleasant Valley terminated Rocco by phone, citing continuing poor sales.

From the inception of the written agreement until the date of termination, Rocco satisfied the monthly sales report requirement of the agreement by submission of monthly depletion reports. These reports indicated, among other things, inventory levels and "sales current month." Submission of depletion reports was customary in this business. See Consolo Depo. at 48–49.

In December of 1978, Rocco filed suit in this Court alleging that Pleasant Valley had violated the Sherman Act and the Ohio Alcoholic Beverages Franchise Act. This Court granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted and dismissed the pendant state claim for lack of jurisdiction; the federal question having been terminated. The instant action was commenced in state court on October 1, 1981 and removed to this Court on Pleasant Valley's petition.

Rocco's amended complaint is divided into three counts. The first alleges violations of the Ohio Revised Code in that no written agreement was executed after expiration of the original agreement and that the ultimate termination of Rocco's distributorship was without notice, without just cause and in bad faith. Count two alleges that the termination was a breach of the parties' oral contract. Count three alleges that defendant acted to "hinder plaintiff's attempts at compliance with its agreement to increase sales;" interfered with plaintiff's business; and damaged plaintiff's reputation.

Pleasant Valley has denied any wrongdoing.

## I

■ In Rocco's first count, Rocco complains of termination in violation of O.R.C. §§ 1333.82, 1333.84 and 1333.85. Those sections require at least sixty-days written notice of termination; that the termination be for "just cause;" and that the notice set forth the "reasons" for termination. Additionally O.R.C. § 1333.83 requires that franchise agreements be in writing.

The Act provides that a party who violates any of these provisions is liable to a party "injured by such violation" for all reasonable damages which are the "proximate result" of the violation. O.R.C. § 1333.87.

Rocco argues that termination on or about November 13, 1978 was without advance notice, in writing or otherwise, and that this placed Rocco in precisely the position the notice provision intended to avoid. Rocco further argues that the written notice did not contain all of the reasons for termination now claimed by Pleasant Valley. Pleasant Valley contends that its notice of May 12, 1978 complied with the Act and that the termination date was suspended pending the result of Rocco's trial period. It would then follow that the original written notice sufficed to comply with the Act on November 13, 1978. Rocco admits that had it been terminated on July 31, 1978 there would have been sufficient notice, but that a new sixty-day written notice was required prior to the November 13, 1978 termination.

It is apparent to this Court that the purpose of requiring sixty-days advance written notice of termination is to fully apprise the party being terminated of the termination, and to afford that party an opportunity to put his affairs in order so that the termination does not cause such immediate harmful impact as to paralyze the franchisee. Further, the sixty-day period permits the parties, as in the instant case, an opportunity to come to some other terms by which to preserve their relationship. The notice must be in writing, and reasons for termination stated, so that there is no misunderstanding as to the justification for termination.

In this case it is undisputed that Rocco was put on notice of its precarious position by the written notice of May 12, 1978. That notice was well within the time frame for notice provided for by the Act. Additionally, that notice informed Rocco that it was being terminated because "calendar year 1977 showed a tremendous decrease for the previous year and, to date, 1978 is running behind 1977." That Pleasant Valley now states additional reasons for termination which did not appear in the written notice is clearly irrelevant as the cause shown in the written notice would alone be sufficient to terminate Rocco. *See Caral Corp. v. Taylor Wine Co., Inc.*, No. C–1–80–215 (S.D.Ohio July 15, 1980) (Hogan, J.) at 11–12. Thus Pleasant Valley satisfied the requirements of O.R.C. § 1333.85 with respect to providing written notice at least sixty-days before termination and setting forth the reason for termination.

It is apparent to this Court however that whether Pleasant Valley's termination notice of May 12, 1978 would comply with the Act's requirements for the termination of November 13, 1978 must be determined in congruence with the terms of the trial agreement entered into by the parties.

Pleasant Valley claims that the trial agreement was for a three month period from August through October, 1978 and that sales for these three months had to be greater than sales for the same three months in 1977. Based on the depletion reports, Rocco failed this test.

While there are indications to the contrary, Rocco claims that the terms of the agreement were that Rocco would have to show an increasing trend in sales in 1978 over 1977, and perhaps 1976, based on sales as evidenced by other than depletion reports and on a differing method of computation.

If the terms of the agreement were as Pleasant Valley has alleged, the effect of the May 12 notice would have a substantially different effect as to the November 13

termination than if the terms were as Rocco has alleged.

■ Additionally, while the failure to execute a written franchise agreement subsequent to February 28, 1978 is a violation of the writing requirement of the Act, O.R.C. § 1333.83, whether Rocco is entitled to recover for this violation or any other putatively violative act turns on Rocco's satisfying the injury requirement of O.R.C. § 1333.87.

■ Further, the written notice complies with the Act's requirement of "good faith." Good faith, in this context, focuses on coercion and intimidation by way of express or implied threats of termination. *Excello Wine Co. v. Monsieur Henri Wines, Ltd.*, 474 F.Supp. 203 (S.D.Ohio 1979). There is nothing in the pleadings or supporting materials to indicate that Pleasant Valley attempted to, or did, coerce or intimidate by notifying Rocco of its intent to terminate.

On a motion for summary judgment it is not within the Court's province to determine whose factual claim is correct but rather to determine, first, whether there exist any genuine issues of material fact for trial. *Watkins v. Northwestern Ohio Tractors Pullers Assoc., Inc.*, 630 F.2d 1155, 1158 (1980). In this respect the movant has the burden of proof and all evidence and inferences must be considered in a light most favorable to the nonmovant. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Watkins, Supra.*

As a determination of compliance with the Act's notice requirement turns on facts which are in dispute, and there exists a factual issue as to the existence of any injury to Rocco as a proximate result of the failure to execute a written agreement, Pleasant Valley's motion for summary judgment on Rocco's first count must be denied.

## II

■ Because there exist genuine issues of material fact as to the terms of the oral agreement between Rocco and Pleasant Valley, as noted above, Pleasant Valley's motion for summary judgment on count two of Rocco's amended complaint must be denied.

## III

■ Count three of Rocco's amended complaint, alleging business interference, is premised primarily on the actions of Pleasant Valley's representative taking a holiday order to a competitor, and on Pleasant Valley's inquiries into a replacement distributor for Rocco.

Upon a review of the pleadings and supporting materials, this Court finds that there exist genuine issues of material fact as to whether or not Pleasant Valley was obligated to refrain from contacting and obtaining an order from one of Rocco's previous customers, and then taking that order to a competing distributor, and whether or not these actions were within Pleasant Valley's business judgment.

Additionally, as the pleadings and supporting materials indicate that Pleasant Valley contacted a possible replacement for Rocco during the trial period, any putatively illegal act would turn on the particular terms of the oral agreement. Again, if the terms were as Pleasant Valley has alleged the effect of such contact would be substantially different than if the terms were as Rocco alleged. Any such contact during the period between receipt of the written notice and the stated July 31, 1978 termination, however, would not be illegal. Rather, this would be a matter of sound business discretion.

Consequently, there exist genuine issues of material fact as to Rocco's third count and Pleasant Valley's motion for summary judgment is denied.

## IV

In sum, Pleasant Valley's motion for summary judgment is denied. Counsel for both parties shall submit to the Court a joint settlement status report within thirty (30) days. Thereafter, this action shall pro-

ceed to trial on the merits to be preceded by a summary jury trial.

IT IS SO ORDERED.